[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff contractor brings this action for money due and owing from the defendant for services rendered under a written contract as orally amended.
The defendant admits that he entered into a written contract with the plaintiff and that there were oral amendments. However, he disputes that there is an amount due and owing.
The defendant claims that the plaintiff failed to carry out the terms of the contract in that the septic system was never completed nor did it receive approval by town officials; that, to complete the system he expended $1,700.00 which he paid to other contractors and engineers.
The defendant further raises as a special defense that the plaintiff violated C.G.S. § 20-341a, et seq. in that he was not licensed to install a subsurface sewage disposal system, and CT Page 13348 thus may not claim compensation for this work.
The court finds that the parties entered into a written contract for site improvements. That during the course of the execution of this contract the parties orally amended the written contract. That, the total written contract was for $23,900.00. That the total of the oral amendments amounted to $6,700.00. That the defendant paid to the plaintiff the total sum of $24,500.00.
That, in addition to these payments, the defendant is to receive credits for the failure of the plaintiff to complete the work contracted for. These credits are for payments made by the defendant to complete the septic system; i.e. $800.00 for site work, $600.00 for engineering; $300.00 to Drain Doctor to correct the sewage system and arrange for the issuance of a permit by the town officials. Also, a credit of $1,100.00 is due the defendant when item 4 was removed from the contract.
With regard to the defendant's Special Defense that the plaintiff may not press his claim for the sewer work, the court notes that the defendant had an engineer to determine the workmanship of the plaintiff. That when the town official refused to issue a permit to the defendant for the sewer work he had the engineer determine the problems and the corrective action required. That this was in fact accomplished by the defendant when he hired another site contractor and the Drain Doctor to fulfill the requirements of the town's official for the issuance of the required permit. Thus, the plaintiff contracted to do the sewer installation subject to approval by the general contractor, i.e. the defendant who in turn had as his expert advisor the engineer.
Therefore, the Special Defense is not applicable to the situation set out herein.
The court further finds that the parties agreed by written contract, as orally amended, for the plaintiff to provide to the defendant the following services:
 Written contract $23,900.00 Oral amendments:
 Additional site work and trucking 3,700.00 Additional driveway work 3,000.00
CT Page 13349
Total $30,600.00
That the defendant's payments to the plaintiff and credits to which he is entitled are:
 Payments to the plaintiff $24,500.00 Costs to defendant for failure Of plaintiff to complete contract: Site completion $800.00 Engineer 600.00 Drain Doctor 300.00
1,700.00 Removal of Paragraph 4 from contract 1,100.00
Total $27,300.00
That, there is due the sum of $3,300.00 from the defendant to the plaintiff.
Judgment is to enter for the plaintiff and against the defendant in the sum of $3,300.00 together with court costs.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE